IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT W. HASSETT, III,                )
                                       )
            Plaintiff,                 )
                                       )    C.A. No. 24-933-CFC-LDH
    v.                                 )
                                       )    FILED
KRISTIN H. SCOTT, et al.,              )
                                       )    JUL 2 1 2026
            Defendants.                )
                                            U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Vital Core Health Strategies LLC ("Vital Core") and LPN Kristin H. Scott's ("Nurse Scott" and together with Vital Core, "Defendants") motion to dismiss *pro se* Plaintiff Robert W. Hassett, III's Complaint for failure to state a claim upon which relief may be granted. (D.I. 35). Also pending is Mr. Hassett's Motion to Present Facts/Evidence Against Defendant's Motion to Dismiss and Proceed to Jury Trial. (D.I. 39). For the following reasons, I recommend DENYING Defendants' motion and DENYING Mr. Hassett's motion as moot.

**I.    BACKGROUND**

Plaintiff initiated this § 1983 action against Centurion LLC Medical, Dr. Raman Singh, Vital Core, and Nurse Scott asserting deliberate indifference claims related to Mr. Hassett's allegedly botched gallbladder surgery and subsequent care. (D.I. 3). The Court terminated Centurion LLC Medical as a party because it "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability" in the § 1983 context. (D.I. 20 at 1-2) (internal quotation marks and citations omitted). The Court terminated Dr. Raman Singh as a party "because medical malpractice is not a constitutional violation." (*Id*. at 2) (internal quotation marks and citations omitted). The Court authorized service on Vital Core and Nurse Scott. (*Id*.) Defendants Vital Core and Nurse Scott moved to dismiss Mr. Hassett's Complaint and

1

filed an opening brief in support thereof. (D.I. 35, D.I. 36). Mr. Hassett responded with a "Motion to Present Facts/Evidence Against Defendant's Motion to Dismiss and Proceed to Jury Trial." (D.I. 39). Defendants did not file a reply brief in support of their motion to dismiss or otherwise respond to Mr. Hassett's opposition (D.I. 39) thereto.

## II. LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

## III.   DISCUSSION

Defendants' arguments do not compel dismissal.[1]

First, Defendants maintain that "Plaintiff cannot parade his Section 1983 claim under the guise of medical malpractice, as such claims are insufficient to support same, and claims of medical malpractice are not addressed by federal courts." (D.I. 36 at 6).  But construing Mr. Hassett's *pro se* Complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), Mr. Hassett seeks to assert deliberate indifference claims against Defendants—not mere medical malpractice. (D.I. 3 at 5, explaining that he asserts violations of his Eighth Amendment right to be free from "cruel and unusual punishment and ag[a]inst deliberate indifference to my healthcare).

To the extent Defendants contest whether Mr. Hassett's deliberate indifference claims are well-plead, Defendants offer neither authority nor argument as to why Mr. Hassett's allegations are insufficient.[2]  To state a claim for deliberate indifference, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).  Defendants do not dispute that Mr. Hassett pleads a serious medical need.  Nor do they dispute that Mr. Hassett pleads Defendants' conduct indicated deliberate indifference to that need.  Accordingly, Defendants have not met their burden to compel a Rule 12(b)(6) dismissal and I recommend denying their motion on this ground.  *See Salas v.*

---

[1]    The arguments appear underdeveloped for dismissal at this stage of the proceedings.  I note other errors in Defendants' opening brief that give the Court pause. The brief states that Mr. Hassett filed his Complaint on April 17, 2025. (D.I. 36 at 4).  But it was filed on August 12, 2024.  (D.I. 3). The brief states that the Complaint names "[sic] Kristin Nichols, LPN" as a defendant.  (D.I. 36 at 4). But the Complaint names "Scott, Kristin H.; L.P.N.". (D.I. 3 at 4).  The brief states that, the "Complaint alleges claims against Moving Defendants under the United States Constitution and Article I, Section II of the Delaware Constitution." (D.I. 36 at 7).  But the Complaint does not reference the Delaware Constitution. (D.I. 3 at 5).  I further note that while Defendants could have filed a reply brief in support of their motion to dismiss (D. Del. Local Rule 7.1.2), they declined to do so.

[2]    Defendants state in their "Summary of the Arguments" section that the "Complaint raises no specific factual allegations concerning same against Moving Defendants." (D.I. 36 at 5).  Defendants do not expound on this view in their brief.

*Acuity-CHS, LLC*, C.A. No. 22-317-RGA, 2023 WL 2710180, at *2 (D. Del. Mar. 30, 2023) (dismissing "cursorily made" arguments without prejudice to being raised at summary judgment).

Next, Defendants seek dismissal because the "Delaware Constitution does not otherwise recognize a private right of action." (D.I. 36 at 7). Mr. Hassett's Complaint seeks relief under the U.S. Constitution, not the Delaware Constitution. (*See generally* D.I. 3). Accordingly, I recommend denying Defendants' motion on this ground.

Finally, Defendants seek dismissal arguing that "[u]nder any of the several tests used to determine whether a private party is a state actor, Plaintiff's Complaint fails to state a claim sufficient to establish Vitalcore as a state actor." (D.I. 36 at 7 n.2). A footnote to this sentence identifies seven cases without further explanation. (*Id.*) Because Defendants offer zero analysis on this ground, I consider this cursory argument to be underdeveloped, and I decline to consider it. *Salas*, 2023 WL 2710180, at *2.[3] Accordingly, I recommend denying Defendants' motion on this ground.

## IV.    CONCLUSION

For the foregoing reasons, I recommend DENYING Defendant's motion to dismiss. (D.I. 35). Because I recommend denying Defendants' motion, I also recommend denying Mr. Hassett's Motion

---

[3]    To the extent Defendants seek dismissal simply because Vital Core is a private company, that is not dispositive. (*Id.* at 7, "Vitalcore is a limited liability company and did not own, manage, or otherwise control Vaughn Correctional and was not an agent of the facility or the State. Plaintiff's Complaint also distinguishes between the Vaughn Correctional and Vitalcore, moreover supporting Moving Defendants' separation from Vaughn Correctional ."). "[P]rivate companies providing prison medical services under contract" can be held liable under § 1983 for constitutional violations. *Brown v. Centurian of Delaware, LLC*, No. 22-0923-GBW, 2023 WL 2401818, at *2 (D. Del. Mar. 8, 2023) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (applying *Monell* to a private company providing medical services to inmates); *Francis v. Carroll*, 659 F. Supp. 2d 619, 625-26 (D. Del. 2009) ("[A]lthough a private corporation offering medical services cannot be held liable for an alleged § 1983 violation under a theory of *respondeat superior*, it can be held liable for a policy or custom that demonstrates deliberate indifference.") (internal quotation marks omitted)); *see also* D.I. 20 at 1-2 ("To hold Defendant Centurion responsible, Plaintiff must provide evidence that there was a relevant [company] policy or custom, and that the policy caused the constitutional violation alleged by Plaintiff") (internal quotation marks and citations omitted).

to Present Facts/Evidence Against Defendant's Motion to Dismiss and Proceed to Jury Trial as moot. (D.I. 39). I FURTHER RECOMMEND that Defendants shall answer the Complaint within thirty (30) days of the date that this Report and Recommendation is adopted or otherwise finalized by the District Court.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

Date: July 21, 2026

_____
United States Magistrate Judge